26SL-CC06066

Electronically Filed - St Louis County - September 04, 2026 - 09:18 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CRESTON AUSTIN, SR., )
)
Plaintiff, )
vs. )
) Cause No:
U.S. BANK NATIONAL ASSOCIATION, )
Serve: U.S. Bank National Association ) Division:
425 Walnut Street )
Cincinnati, OH 45202 ) JURY TRIAL REQUESTED
)
Defendant. )
)

## PETITION

COMES NOW Plaintiff Creston Austin ("Plaintiff"), by and through undersigned counsel, and for his cause of action against Defendant U.S. Bank National Association ("Defendant") alleges as follows:

1. Plaintiff is an individual citizen and resident of St. Louis County, Missouri.

2. Defendant is a federally chartered national banking association organized under the National Banking Act, and operates domestic branches in the state of Missouri, and may be served at 425 Walnut Street Cincinnati, Ohio 45202.

3. The Court has jurisdiction over this matter because Defendant can be found in the State of Missouri, does business in the State of Missouri, and because Defendant committed the tortious act complained of herein within the State of Missouri.

4. Venue in this Court is proper because this petition alleges a tort and Plaintiff was first injured in St. Louis County, as further alleged below.

5. Defendant is the owner and operator of a financial institution and banking branch office located at 201 N. Florissant Road, Ferguson, St. Louis County, Missouri 63135 (the "Bank").

EXHIBIT
A

Electronically Filed - St Louis County - September 04, 2026 - 09:18 AM

6. The Bank is a brick-and-mortar facility, which, among other things, features two separate entryways, each of which is equipped with a metal-framed door that is connected to a push-plate automatic door opener, providing ingress and egress to patrons of the Bank (the "Door").

7. Defendant invites customers to the Bank, as part of its business, and invites those same customers to use the Door and push-plate opener to enter the building.

8. On or about June 9, 2023, Plaintiff, at the invitation of Defendant, attempted to enter the Bank by pressing the push-plate opener to open the automatic Door before proceeding through the doorway.

9. At the time that Plaintiff attempted to use the automatic Door to enter the Bank, the Door was not in safe or working order, in that the Door, its frame, and/or a combination of the components thereof, were not securely assembled and/or were otherwise malfunctioning (the "Dangerous Condition").

10. Defendant knew or should have known of the Dangerous Condition, in that the Door is in an area routinely patrolled and monitored by Defendant's employees, is one of only two means of ingress and egress in and out of the building, and, upon information and belief, Defendant was the one to leave the Door in the Dangerous Condition and the Dangerous Condition was an ongoing and recurring issue at the Bank.

11. As Plaintiff attempted to proceed through the automatic Door, the Door swung open, after which a metal bar fell from the Door or its surrounding frame and struck Plaintiff in the head, causing him serious injuries.

12. The impact of the metal bar striking Plaintiff's head knocked Plaintiff to the ground.

Electronically Filed - St Louis County - September 04, 2026 - 09:18 AM

13. Plaintiff had no reason to know of the Dangerous Condition, because he had not seen the Dangerous Condition until after he was struck by the metal bar, and there was nothing to make him aware of the Dangerous Condition.

14. Defendant knew or should have known that the Dangerous Condition could cause severe injury to Bank customers utilizing the Door.

15. Defendant owed a duty to Plaintiff to ensure that the Bank, including the Door, was reasonably safe for use by Plaintiff and other customers, and to warn, barricade, repair, replace, and/or otherwise protect Plaintiff and other customers from the Dangerous Condition.

16. Upon information and belief, Defendant breached its duty and was negligent and careless in one or more of the following ways:

a. It failed to repair the Door to eliminate the Dangerous Condition;

b. It failed to replace the Door to eliminate the Dangerous Condition;

c. It failed to have the Door properly maintained and inspected to avoid and/or eliminate the Dangerous Condition;

d. It failed to disable, shut-down, or barricade the Door or otherwise take steps to keep Plaintiff and other customers from utilizing the Door, until the Dangerous Condition was eliminated;

e. It failed to place warning tape across the entrances to the Door, a warning sign at or near the Door, or otherwise take steps to warn Plaintiff and the other customers of the Dangerous Condition; and

f. It otherwise allowed Plaintiff and other customers to continue using the Door, while the Door was in a Dangerous Condition.

17. As a direct result and proximate result of the negligence and carelessness of Defendant Plaintiff was struck by a metal bar, was knocked to the ground, and suffered severe injuries and damages, as follows:

a. Plaintiff sustained serious, physical injuries to his head, including a concussion; his ear, including his inner ear and vestibular nerve; his face, jaw, neck, and upper back, these injuries of which required, requires and

Electronically Filed - St Louis County - September 04, 2026 - 09:18 AM

will continue to require in the future, medical care and treatment;

b. Plaintiff suffered, suffers, and will in the future continue to suffer physical pain, memory issues and deficits, instability via vertigo and dizziness, and mental anguish;

c. Plaintiff's body has been physically impaired and diminished and, in the future, will continue to be physically impaired and diminished, which has decreased his quality of life, because his injuries, effects, and the results thereof are permanent and progressive;

d. Plaintiff has incurred medical expenses for medicines, medical institutions, doctors, prescriptions and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE Plaintiff Creston Austin, Sr. prays for a judgment against Defendant U.S. Bank National Association in an amount in excess of $25,000.00 that is fair, just and reasonable under the circumstances, for post-judgment interest, for the taxable costs herein expended, and for such other and further relief as the Court deems just and proper based on the circumstances.

COFMAN TOWNSLEY, LLP

By: /s/ *Ambry N. Emanuel*
Ambry N. Emanuel, #66214
7701 Clayton Road
St. Louis, Missouri 63117
314.621.2005
314.621.3118 (facsimile)
aemanuel@cofmantownsley.com

*Attorney for Plaintiff*